

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WYATT TECHNOLOGY CORPORATION, a California corporation,<br><br>          Plaintiff - Appellant,<br><br> v.<br><br>MALVERN INSTRUMENTS INCORPORATED, a Massachusetts corporation; DAVID DOLAK, an individual,<br><br>          Defendants - Appellees. | No. 10-55343<br><br>D.C. No. 2:07-cv-08298-ABC-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted April 9, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Wyatt Technology Corporation manufactures the DynaPro—a laboratory instrument—and holds the copyright to certain versions of Dynamics, the software used to operate the DynaPro. Malvern Instruments Incorporated manufactures the competing Zetasizer Nano; David Dolak is a Malvern employee. Wyatt sued Malvern and Dolak for infringing its copyrights in Dynamics, purloining various trade secrets, and making false representations in advertising the Zetasizer Nano (in violation of the Lanham Act, 15 U.S.C. § 1125(a)). The district court granted Malvern summary judgment on many of Wyatt's claims, leaving only its Lanham Act claim and a portion of its misappropriation of trade secrets claim. After the district court made several rulings adverse to Wyatt on the parties' motions *in limine*, Wyatt apparently determined its remaining claims would fail at trial, and stipulated to the entry of a judgment it could appeal—the one we now review. We review the district court's entry of summary judgment de novo, *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013), and as discussed below, we affirm. We lack jurisdiction to review the district court's rulings on the motions *in limine*, because Wyatt declined to go to trial—therefore passing on the chance to have the district court revisit those rulings, which remain preliminary (and thus unreviewable). *Adkins v. Mireles*, 526 F.3d 531, 542–43 (9th Cir. 2008).

Consequently, we dismiss Wyatt's appeal as to the district court's rulings on the motions *in limine*.

The heft of Wyatt's claims against Malvern—specifically, Wyatt's copyright infringement claims—required Wyatt to proffer some evidence that Malvern's software was substantially similar to Dynamics. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). Wyatt, however, never obtained in discovery the source code for Malvern's allegedly infringing software, because Malvern asserted the source code was outside its possession, custody, or control, and in the hands of its British parent company. Wyatt never made any effort to challenge that assertion, nor did it attempt to obtain the source code from Malvern's British parent by other means. Consequently, the record lacked evidence that Malvern's software was substantially similar to Dynamics, and as a result, Malvern was entitled to summary judgment. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Narell v. Freeman*, 872 F.2d 907, 909–10 (9th Cir. 1989).

To compensate for its failure to obtain the crucial piece of evidence, Wyatt seeks a holding that Malvern spoliated the residuum of the source code that *was* in its possession, thereby entitling Wyatt to an inference that the source code, if produced, would favor its position. The district court did not abuse its discretion in

denying such an inference when the allegedly spoliated evidence was lost or destroyed years before Wyatt even held the Dynamics copyrights.[1]  *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (noting that spoliation requires the spoliator to have notice that the evidence being destroyed is potentially relevant to litigation).  Wyatt now argues, additionally, that Malvern actually had possession, custody, or control of the source code, and therefore withheld it wrongfully during discovery.  Wyatt did not advance this argument in the district court, and we will not entertain it now.  *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663 (9th Cir. 2012); *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2003).

Likewise, we will not take up the other of Wyatt's arguments about what the facts do or do not show, because Wyatt neglected to make those arguments before the district court in the first place.  *See Dream Palace*, 384 F.3d at 1005 (noting the reasons for not considering new arguments on appeal, *i.e.*, that doing so deprives

---

[1] As to the contention that Dolak deleted evidence from his laptop after the onset of litigation, we note that Wyatt, at the time it moved for an adverse inference, did not present any evidence suggesting that Dolak had deleted any information from his laptop, or even contend that Dolak had actually destroyed such information (the evidence to which Wyatt points us now was placed in the record by Malvern, long after Wyatt sought an adverse inference).  We cannot say that the district court abused its discretion in failing to take into account facts not presented to it at the time it considered Wyatt's request.

4

the court of appeals "of a fully developed factual record" and "the benefit of the district court's prior analysis").  For instance, Wyatt now contends that the district court granted partial summary judgment improperly as to some portions of its misappropriation of trade secrets claim, but failed to make any argument in defense of that claim *at all* in front of the district court, which noted that Wyatt did not "submit any legal analysis or argument on this subject."

Indeed, what it characterized accurately as Wyatt's "pattern of filing briefs that make little sense and do not respond in any meaningful way to the pertinent issues" played a role in the district court's shifting to Wyatt nearly $2 million of Malvern's attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505, California Civil Code § 3426.4, and, after finding the case "exceptional," the Lanham Act, 15 U.S.C. § 1117(a).  Wyatt also appeals the district court's imposition of that fee award.  We review de novo the district court's finding that the case was exceptional under the Lanham Act.  *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010).  After determining the case exceptional, the district court's decision to award fees under the Lanham Act was discretionary, *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011), as was its decision to grant fees under the Copyright Act, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946, 951 (9th Cir. 2012), and California law, *CRST Van Expedited, Inc. v.*

5

*Werner Enters., Inc.*, 479 F.3d 1099, 1104 (9th Cir. 2007).

Reviewing de novo, we conclude that the district court did not err in determining this case was exceptional under the Lanham Act. Given Wyatt's repeated failure to meaningfully litigate the issues it put before the district court by bringing this lawsuit, it may be said fairly that "plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith."[2] *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012) (internal quotation marks and citation omitted). Nor can we conclude that the district court, having properly annunciated the standards for fee-shifting under the Copyright Act, the Lanham Act, and California law, thereafter abused its discretion in awarding fees under the facts before it.[3]

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[2] We note that Wyatt's arguments against a finding that the case is exceptional were never made before the district court in opposition to Malvern's motion for fees.

[3] Those facts include that Wyatt filed frivolous responses to Malvern's motions (including for summary judgment); Wyatt made copyright claims as to software features outside the scope of copyright protection; Wyatt affirmatively disclaimed some of the copyrights that it accused Malvern of infringing; and that Wyatt made a claim for damages that was legally unsupportable. Further, Wyatt's response to Malvern's motion for fees provided almost nothing by way of coherent argument to explain why such fees should not be granted.

6